IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

STEPHANIE MURO, individually on behalf
of herself and others similiarly situated,

     Plaintiff(s),                         CASE NO.:

v.

                                         **JURY DEMAND**

INTERLOCK SECURITY GROUP, INC.,
a Florida Profit Corporation,

     Defendant.

_____/

## COLLECTIVE ACTION COMPLAINT AND
## DEMAND FOR JURY TRIAL

Plaintiff, STEPHANIE MURO ("Plaintiff"), on behalf of herself and all other

employees and former employees similarly situated, by and through her undersigned

counsel, files this Collective Action Complaint and Demand for Jury Trial against

Defendant, INTERLOCK SECURITY GROUP, INC. (hereinafter "Interlock" or

"Defendant") and states:

### INTRODUCTION

1.     Congress designed the FLSA to remedy situations "detrimental to the

maintenance of the minimum standard of living necessary for health, efficiency, and

general well-being of workers."  29 U.S.C. § 202(a).  To achieve this broad remedial

purpose, the FLSA establishes minimum wage and overtime requirements for covered

employees.  29 U.S.C. §§ 206, 207.  These provisions, coupled with an effective

integrated cause of action within the FLSA, prevent employers from pilfering the

wages rightfully earned by their employees.  *See Billingsley v. Citi Trends, Inc.*, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

2.      This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff, individually, and on behalf of all similarly situated persons employed by Defendant arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

3.      Defendant employed Plaintiff and other similarly situated employees but failed to pay them the appropriate overtime pay under the FLSA.

4.      Defendant's practice of failing to compensate Plaintiff and other similarly situated employees for all of their hours worked each week violated the overtime provisions of the FLSA.

5.      Plaintiff brings a collective action to recover the unpaid wages owed to her and all other similarly situated employees, current and former, of Defendant at any time during the relevant period before this Complaint was filed up to the present ("Class Members").

## JURISDICTION

6.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter referred to as the "FLSA") to recover unpaid overtime compensation, an additional and equal amount as liquidated damages, and reasonable attorney's fees and costs.

7.      The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, located within the Middle District of Florida.

## PARTIES

9.      At all times material hereto, Plaintiff was a resident within the jurisdiction of the Middle District of Florida.

10.     At all times material hereto, Interlock is engaged in business in Florida, with a principle place of business in Naples, Florida.

11.     At all times material hereto, Interlock was an "employer" as defined by 29 U.S.C. § 201, *et seq.*

12.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

13.     At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

14.     Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

15.     At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including equipment which was used directly in furtherance of Defendant's commercial activity of providing security.

16.     At all times material hereto, Plaintiff was 'engaged in commerce' and was subject to the individual coverage of the FLSA, by virtue of her handling or

3

otherwise working on goods or materials that had been moved in commerce and which were used directly in furtherance of Defendant's commercial activity of providing security.

17.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

**STATEMENT OF FACTS**

18.     Defendant hired Plaintiff to work as a non-exempt security guard in February 2022.

19.     Plaintiff was employed by Defendant until approximately October 2022.

20.     Plaintiff's duties included providing security and training employees.

21.     At all times relevant to the claim, Plaintiff was compensated on an hourly basis.

22.     However, Plaintiff was not properly compensated for all of the overtime hours that she worked each week in one or more workweeks.

23.     During times relevant to the claim, Plaintiff worked in excess of forty (40) hours in most, if not all, workweeks.

24.     However, Defendant failed to properly compensate Plaintiff for all overtime hours that she worked each week and instead paid her straight time for all hours worked.

25.     Additionally, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek.

26.     Plaintiff should have been and should be compensated for the applicable overtime rate as required by the FLSA, but Defendant failed to compensate Plaintiff.

27.     Defendant has violated Title 29 U.S.C. §206 and 29 U.S.C. §207 in that:

a.      Plaintiff worked in excess of forty (40) hours per week during her period of employment with Defendant;

b.      No payments, or provisions for payment, have been made by Defendant to properly compensate Plaintiff one and one-half times Plaintiff's regular rate for those hours that she worked in excess of forty (40) hours per work week as provided by the FLSA;

c.      Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

**COLLECTIVE ACTION ALLEGATIONS**

28.     Plaintiff brings this action as a collective action on behalf of a class of individuals similarly situated.

29.     Specifically, Plaintiff brings these claims under the Fair Labor Standards Act as a collective action and will request the Court to grant conditional certification under 29 U.S.C. § 216(b), and to order notices to potential opt-in individuals who are or were employed by Defendant as non-exempt employees within three (3) years prior to the commencement of this lawsuit.

30.     As part of their regular business practices, Defendant intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Class Members by engaging

in a pattern, practice, or policy of violating the FLSA on a class wide basis.

31.     Although Defendant permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40) hours.

32.     The FLSA Class Members are all non-exempt employees who worked for Defendant.

33.     The FLSA Class Members all suffered from the same FLSA violations as set forth herein.

34.     In particular, Plaintiff and the FLSA Class Members all worked as non-exempt employees who were not compensated for time and one-half rate for all of the hours that they worked over forty (40) each week and instead paid Plaintiff and the FLSA Class Members straight time for all hours.

35.     Many FLSA Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

36.     However, the FLSA Class Members uniformly suffered from Defendant's illegal policy as described herein.

37.     Defendant's failure to pay overtime as required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Class Members.

38.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) hours during each workweek.

39.     As such, the class of similarly situated Plaintiffs are properly defined as follows:

**All current and former employees who were employed by Defendant within the last three (3) years who worked in excess of forty (40) hours in one or more workweeks but were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in one or more workweeks as required by the FLSA and instead paid straight time for all hours worked.**

57.     Specifically, despite the fact that numerous employees brought Defendant's aforementioned illegal policies and FLSA violations to Defendant's attention throughout their employment, Defendant refused to pay Plaintiff and those similarly situated their proper compensation as required by the FLSA.

58.     Defendant did not act in good faith or reliance upon any of the following in formulating their pay practices:

a.      case law;

b.      the FLSA, 29 U.S.C. § 201, *et seq*.;

c.      Department of Labor Wage and Hour Opinion Letters; or

d.      the Code of Federal Regulations.

59.     During the relevant period, Defendant violated the FLSA by retaining employees in an enterprise engaged in commerce, or in the production of goods and services for commerce, within the meaning of the FLSA, as aforesaid, for one (1) or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a work week.

60.     Defendant's failure to compensate the FLSA Class Members at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek result from Defendant's policy or practice that applies to all similarly situated employees, companywide.

61.     Defendant acted willfully in failing to pay Plaintiff and the FLSA Class Members in accordance with the law.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

62.     Plaintiff realleges and reincorporates paragraphs 1 through 61 as if fully set forth herein.

63.     Plaintiff worked in excess of forty (40) hours per week in most, if not all, work weeks while employed by Defendant.

64.     Plaintiff was not properly compensated at the statutory rate of one and one-half times her regular rate of pay for the hours that she worked in excess of forty (40) hours each workweek and instead paid straight time for all hours worked.

65.     Plaintiff is entitled to be paid at the statutory rate of one and one-half times her regular rate of pay for those hours worked in excess of forty (40) hours each work week.

66.     At all times material hereto, Defendant failed to maintain proper time records as mandated by the FLSA.

67.     Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the

statutory rate of one and one-half times her regular rate of pay for the hours that she worked in excess of forty (40) hours per work week when it knew, or should have known, such was, and is due.

68.    Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

69.    Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

70.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendant:

a.  An Order Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

b.  An Order compelling Defendant to disclose the names and addresses of all FLSA Class Members and permitting Plaintiff to send notice of this action all similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA Class Members of their right to join and participate in this lawsuit;

c.  An Order granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and FLSA Class Members the full amount of

damages and liquidated damages available by law;

d. Overtime compensation for all hours worked over forty (40) hours in a work week at the applicable time and one-half rate;

e. An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

f. Awarding Plaintiff pre-judgment and/or post-judgment interest;

g. Reasonable attorney's fees, costs and expenses of this action as provided by statute; and

h. Such other relief to which Plaintiff and FLSA Class Members may be entitled, at law or in equity.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated: August 14, 2023. Respectfully Submitted,

*/s/ Matthew R. Gunter*
Matthew R. Gunter, Esq.
Florida Bar No. 0077459
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
T: (407) 236-0946
F: (407) 867-4791
Email: MGunter@forthepeople.com
***Attorney for Plaintiff(s)***